IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Douglas Dempsey, III, | ) | C/A No. 0:12-3254-TMC-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Warden Willie Eagleton, | ) | |
| Respondent. | ) | |

The petitioner, Douglas Dempsey, III ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

This is the second § 2254 petition filed in this court by the Petitioner seeking to challenge murder/firearm convictions that resulted in a forty-year sentence entered in Spartanburg County in 2000. His initial § 2254 petition was considered on the merits and summary judgment was entered for the State. Dempsey v. Cartledge, C/A No. 0:08-1054 (D.S.C. March 10, 2009). Petitioner's attempted appeal to the United States Court of Appeals for the Fourth Circuit was unsuccessful. (Id., ECF No. 30.)

During the next year (2010), Petitioner pursued a "state habeas corpus" process until August 15, 2012. (ECF No. 1 at 3.) Now he comes to this court claiming that the



murder statute under which he was tried and sentenced was unconstitutionally vague and that his sentence resulted from "judicial misconduct." (Id. at 5-7.)  There are no allegations in the Petition showing that Petitioner obtained authorization from the Fourth Circuit before filing this second, successive habeas corpus case.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

Page 2 of  6



cognizable in a federal district court.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government.  <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts.  Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254.  <u>See</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual may not file a second or  successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit

court of appeals.  See In re Vial, 115 F.3d at 1194.[1]  The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*.

Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

The Petition submitted in this case should be summarily dismissed because it is an unauthorized second, successive petition.  The grounds for relief raised in the Petition in this case could have been raised previously in the initial § 2254 habeas petition that Petitioner pursued in this court.  Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).  That initial petition was decided by this court on the merits and, thus, Petitioner is now precluded from filing another § 2254 petition addressing the same convictions and sentences without first obtaining permission to do so from the Fourth Circuit.  28 U.S.C. § 2244(3)(A).  Because Petitioner did not obtain authorization to file this Petition in the district court, this action is subject to summary dismissal without service on the respondent.  See Romandine v. United States, 206 F.3d 731, 734 (7th Cir. 2000); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hernandez v. Campbell, 204 F.3d 861, 866 (9th Cir. 2000); United

---

[1] With authorization, Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000).  "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).



States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999); Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

**RECOMMENDATION**

Accordingly, the court recommends that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 29, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).