IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Douglas Dempsey, III, | ) | |
|             Petitioner, | ) | C/A No. 0:12-3254-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Willie Eagleton, | ) | |
| | ) | |
|             Respondent. | ) | |
| _____ | ) | |

      On November 14, 2012, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On November 29, 2012, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice. (Dkt. # 7). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 7 at 6). Petitioner filed objections to the Magistrate Judge's Report on December 17, 2012. (Dkt. # 9).

      The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific object is made, and the court may accept, reject, or modify,

---

[1] This date reflects the date stamped by the prison mailroom on the envelope containing the habeas petition. (Dkt. # 1- Attach. # 3). *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Petition be dismissed without prejudice based upon the Petitioner having previously filed the same claim against the same Respondent in Civil Action No. 0:08-1054 (D.S.C. March 10, 2009) and because this current petition is an unauthorized second, successive petition.  As noted above, Petitioner filed objections to the Report which the Court has carefully reviewed.  However, the Petitioner's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.  As the Magistrate Judge explains in her Report, before Petitioner can file a successive application, he must file a motion in the appropriate court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner has failed to take the necessary steps in order for the court to consider a successive motion.  As such, his objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Petition is summarily **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina

January 2, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.